

UNITED STATES DISTRICT COURT FILED
DISTRICT OF RHODE ISLAND
2012 OCT -4 P 12: 54

Gary L. Dubois

VS.

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND
C.A. NO.

Mortgage Electronic Registration
Systems, Inc.; Fairway Independent
Mortgage Corporation; and GMAC
Mortgage, LLC

CA 12- 700 M

## COMPLAINT FOR DECLATORY JUDGMENT
## AND INJUNCTIVE RELIEF

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act
and as such fall within the jurisdiction of this Honorable Court.**

### Parties

1. Plaintiff(s) Gary L. Dubois (hereinafter referred to as "Dubois") are residents of the
   State of Rhode Island.  The subject property is located in 45 Brookdale Blvd.,
   Pawtucket, RI.

2. Mortgage Electronic Registration Systems, Inc.  ("MERS") has a mailing address of
   PO Box 2026, Flint, Michigan 48501. MERS was the mortgagee in the subject
   mortgage.

3. Fairway Independent Mortgage Corporation ("Fairway") has a mailing address of
   5850 Town & Counry Blvd, Suite 601, Frisco, TX 75034.  Fairway was allegedly the
   Lender.

4. GMAC Mortgage, LLC ("GMAC") has a mailing address of 1100 Virginia Drive,
   Fort Washington, PA 19034. GMAC was the alleged foreclosing entity.

### Jurisdiction

5. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332
   (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of
   interest and costs, and because the Defendant is a foreign corporation based outside of
   the State of Rhode Island.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a
   substantial part of the events or omissions giving rise to this claim have occurred, and

1

the real property that is the subject of this action is situated within the State of Rhode Island.

7. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

   b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

   d. Plaintiff claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

   e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

   f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

8. On May 26, 2009, Dubois executed a mortgage (the "Mortgage") which named MERS, acting solely as the nominee for Lender and Lender's successors and assigns. MERS was clearly named as the Mortgagee and not named as the Lender.

9. In the mortgage the Lender is identified as Fairway.

10. On or about September 4, 2012, MERS attempted to assign this Mortgage to GMAC. ("Assignment") Ramona Rae Yaritz signed. Ramona Rae Yaritz had no authority to assign.

11. Ramona Rae Yaritz was an employee at Indecomm Global Services, not a Vice-President or Assistant Secretary of MERS.

12. MERS did not order the assignment to GMAC.

13. Ramona Rae Yaritz was attempting to assign the mortgage for Indecomm Global Services, not MERS.

14. No power of attorney from MERS to either Ramona Rae Yaritz or Indecomm Global Services is recorded and referenced in the subject assignment.

15. Ramona Rae Yaritz was a robo-signer and did not have the requisite intent to assign.

16. The subject assignment is Ramona Rae Yaritz's attempt to defraud the general public and the Land Evidence Records by manufacturing standing to foreclose in GMAC.

17. MERS never held the note.

18. The referenced corporate resolution is of no force and effect.

19. MERS cannot assign anything it does not own.

20. MERS never holds the beneficial interest in the subject property.

21. The beneficial interest in the property can only be transferred through negotiation of the promissory note.

22. An assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity.

23. The assignment is void pursuant to R.I.G.L. 34-11-1.

24. The "Assignment" is fatally flawed in its execution and effect by virtue of the fact that is was not assigned by the mortgagee as required by **General Laws of Rhode Island at §34-11-24.**

25. MERS never received any interest in the property to transfer to GMAC.

26. MERS never held the legal or beneficial interest in the subject premises.

27. The assignment from MERS to GMAC is void due to failure of consideration.

28. GMAC had no standing to foreclose.

29. The Mortgage, at page 1, defines the Lender as Fairway.

30. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Dubois.

31. At Paragraph 22 of the Mortgage, entitled "Acceleration; Remedies", it states that **"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence.**

    **If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law, Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expense of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."** (emphasis added)

32. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

33. The Lender never invoked the statutory power of sale in this matter.

34. The Lender never mailed a notice of sale to the Borrower.

35. The Lender never published the notice of sale.

36. MERS, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

37. MERS, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

4

38. The actions taken by MERS are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

39. GMAC, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

40. GMAC, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

41. The actions taken by GMAC are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

42. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

43. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

44. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

45. MERS has no standing to foreclose.

46. GMAC has no standing to foreclose.

47. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

48. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

49. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

50. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

51. The note is current or has been satisfied by another third party.

52. Fairway never transferred possession of or negotiated the promissory note to GMAC or MERS.

53. The alleged allonges were never attached to the original note.

54. GMAC does not possess the promissory note.

55. GMAC does not have the right to enforce the promissory note.

56. The note is no longer recognized as an asset or account receivable of Fairway.

57. The note was no longer recognized as an asset or account receivable of GMAC.

58. GMAC does not hold the note.

59. The subject mortgage was securitized.

60. The securitized Trust is never identified.

61. Once a loan is securitized it forever loses its security.

62. Pursuant to Internal Revenue Code 860, Defendants utilized Special Purpose Vehicles to pass through taxation to the shareholders of the securitized trust.

63. The shareholders are the real party in interest to the note not the Defendants.

64. Pursuant to FAS 140, once an asset is sold, the seller forever loses the ability to control the asset.

65. Defendant Trustee does not have the right to control assets of the trust.

66. A promissory note is only enforceable as a whole.  It is not enforceable when the note is broken into pieces and distributed amongst a number of shareholders.

67. Once securitized the note becomes stock.

68. The mortgage is unsecured.

69. The mortgage is void due to fraud.

70. The mortgage is void pursuant to R.I.G.L. 34-11-1.

71. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

72. The note is void due to fraud.

73. MERS does not have the capacity to be a mortgagee in the state of Rhode Island.

74. MERS does not have the capacity to act in the place of the Town/City Clerk in taking assignments of mortgage.

75. Fairway was not the true Lender in the underlying mortgage transaction.

76. The funds to fund the transaction came from a third party, not Fairway.

77. The non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute.

78. Once a loan goes into default it gets written off.

79. Once an asset is written off, tax credits are given by the IRS.

80. Once the defendants received tax credits from the IRS the loan is settled and the note satisfied.

81. The Defendants purchased and seek to enforce a satisfied note.

82. Plaintiffs have standing to challenge title and all assignments of the subject mortgage.

83. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

84. Plaintiffs have standing to challenge all assignments and foreclosure deeds pursuant to R.I.G.L. 34-16-4.

## COUNT I
### Declaratory Judgment

85. The Plaintiff herein reincorporates paragraphs 1-84 as if they are fully articulated herein.

86. By virtue of these facts and the legal consequence thereof, any assignment or alleged foreclosure failed to vest title in GMAC or the successful bidder at the foreclosure sale.

87. Dubois owns the subject property.

**WHEREFORE**, Plaintiff prays this Court to issue an order, pursuant to the

Uniform Declaratory Judgment Act, as follows:

a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.

b. That the Court finds that Plaintiff owns the property as a matter of law.

c. That the foreclosure sale be voided.

d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.

e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.

f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.

g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.

h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.

i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiff
By his Attorneys,

George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT II
### Quieting Title
#### Rhode Island General Law §34-16-4

88. The Plaintiff herein reincorporates paragraphs 1-87 as if they are articulated herein.

89. The real estate at issue is a residential property located at 45 Brookdale Blvd., Pawtucket, RI.

90. GMAC or its successors claim to have the right to foreclose on the property. The address of GMAC is set forth hereinabove.

91. Plaintiffs purchased the property on May 27, 2009.

92. GMAC or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE,** Plaintiffs pray for the following relief:

a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.

b. That the Court finds that Plaintiff owns the property as a matter of law.

8

c. That the Court order any foreclosure sale voided.
d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.


Plaintiff
By his Attorneys,


George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT III- PUNITIVE DAMAGES

93.       The Plaintiff herein reincorporates paragraphs 1-92 as if they are articulated herein.

94.       MERS and GMAC's actions were malicious, wanton, and/ or willful.

95.       MERS and GMAC's actions were criminal in nature in contravention of R.I.G.L. 11-9.1-15, R.I.G.L. 11-17-4, R.I.G.L. 11-18-1, and R.I.G.L. 11-41-4.

96.       MERS and GMAC have victimized thousands of Rhode Island citizens with their deceptive practices regarding the false filing of documents in the Land Evidence Records of the various cities and towns, lack of communication and transparency of actual note holders, and fraudulent misrepresentations in the modification and foreclosure processes.

97.    MERS and GMAC's conduct requires deterrence and punishment forcing these entities to deal fairly with the citizens of Rhode Island.

**WHEREFORE**, Plaintiffs pray for punitive damages totaling $10 million.

Plaintiff
By his Attorneys,

George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904


Dated:

**The Plaintiff Demands a Trial by Jury.**

10